

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,716

### EX PARTE ERNEST LOPEZ II, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 44,365-B IN THE 181ST DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,

the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.

*Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of

aggravated sexual assault of a child and was sentenced to sixty years' imprisonment. The

Seventh Court of Appeals affirmed the conviction in an unpublished opinion. *Lopez v. State*,

No. 07-03-0251-CR (Tex. App. – Amarillo del. Aug. 9, 2005). There was no PDR.

In his application for a writ of habeas corpus, Applicant contends, *inter alia*, that his trial counsel provided ineffective assistance for failing to call medical experts at the guilt or innocence stage of the trial to counter the testimony of the State's medical experts that the physical evidence was indicative of sexual assault. Had trial counsel done so, Applicant argues there was a reasonable probability the jury would not have convicted him. The trial court has determined that trial counsel was deficient as alleged and that the deficient representation prejudiced Applicant. It recommends granting relief on this claim, and the recommendation is supported by the record provided to this Court. Relief is therefore granted.

The judgement in Cause No. 44,365-B in the 181st Judicial District Court of Potter County is set aside, and Applicant is remanded to the custody of the sheriff of Potter County to answer the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Delivered: January 25, 2012
Do Not Publish